Douglas P. Youjstg, J.
The defendant was convicted in 1957 of a violation of section 483-a of the Penal Law of 1909 (Carnal abuse of a child). He was sentenced under section 2189-a to an indeterminate term of one day to life. In 1968 a writ of habeas corpus was sustained granting the defendant’s application to be returned for resentence.
A psychiatric examination was ordered by this court and was conducted by two psychiatrists who thereafter reported to the court. A hearing was held before the court. At the close of the hearing the defense moved for a mistrial on the ground that the defendant had been denied his right to a jury at the hearing. No previous demand for a jury had been made. The court issued an order confirming the reports of the psychiatrists and making a finding that the defendant is in such a state of mental illness or infirmity as to be a danger to the public if at large and that because of defendant’s inability to control his impulses and actions there is real danger that he will commit a sexual crime, or crimes, if at large. A date was set for resentence. The defendant thereafter renewed his objection to the resentence.
The question, therefore, is whether defendant was entitled to have the hearing under section 2189-a of the Penal Law of 1909 conducted before and decided by a jury.
The defendant makes a two-pronged argument. One argument is based upon the rule of equal protection of the law. Persons who are committed to a mental institution under the Mental Hygiene Law are entitled to a jury hearing. Since, it is con *346 tended, a person sentenced under section 2189-a of the Penal Law may be given a one day to life sentence if there is a finding that he is dangerous by reason of sexual aberration, or that he may be benefitted by treatment, and such a finding must be based on the reports and testimony of psychiatrists at a hearing, there is an analogy between confinement pursuant to the Mental Hygiene Law and confinement pursuant to a sentence under section 2189-a of the Penal Law. Under the principle of equal application of law (it is argued) the defendant sentenced under section 2189-a of the Penal Law must, therefore, receive a jury trial.
His second argument is based upon the due process principle and stems out of the provocative footnote No. 3 in the opinion of People v. Fuller (24 N Y 2d 292, 303). This states that in a criminal sentencing procedure all the protections of criminal proceedings “ may well apply ”. Specific mention is made to the right to a jury trial.
Standing alone these arguments are persuasive. However, in recent years there have been several cases (People v. Bailey, 21 N Y 2d 588; People v. Riera, 29 A D 2d 985) concerning sentences under section 2189-a of the Penal Law dealing with the right to a hearing, but there has been no determination heretofore that the hearing need be conducted before and decided by a jury. Of course, it may be argued that the issue was never raised until recently. There is presently no statutory authority or direct judicial precedent for granting a jury trial in a hearing held pursuant to section 2189-a of the Penal Law.
The question was raised before the Appellate Division of this Department in the very recent case of People v. McCraw (33 A D 2d 577). In its opinion the court did not refer to the issue of the lack of a jury trial. However, an examination of the briefs indicates (point II) that this was an issue on the appeal. The judgment (a resentence under section 2189-a of the Penal Law after a hearing before the court) was affirmed. In view of the denial of relief by the Appellate Division of this Department in that case, I believe that I am bound by its decision until such time as the Appellate Division or a higher court makes a contrary holding.
For the foregoing reasons the motion of the defendant is denied and the defendant will be produced for resentence by this court on the 18th day of November, 1969.